UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DENNIS PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-16 TS |
| | ) | |
| CHARLES LAMBERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Dennis Peterson, a *pro se* prisoner, filed a complaint in the Miami Circuit Court which was removed to this court. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Prior to removal, the state court screened this case pursuant to Indiana Code § 34-58-1-1 *et. seq*. The court granted Mr. Peterson leave to proceed on only one federal claim: "He claims that he was denied a post-deprivation hearing following the loss of personal property, which if proven, may be a violation of his due process rights." December 7, 2006, Miami Circuit Ct. Order [DE 2–3 at ¶ 2].

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Here, not only does Mr. Peterson have an adequate post-deprivation remedy, he is exercising it in this very case which he filed in state court. Because he has not yet been denied due process of law, his Fourteenth Amendment Due Process claim must be dismissed because such a claim has not yet arisen.

For the foregoing reasons, the Court:

(1)     **DISMISSES WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A, the Fourteenth Amendment Due Process claim;

(2)     **DECLINES**, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction; and

(3)     **REMANDS** this case to the Miami Circuit Court, Cause # 52C01-0608-CT-420.

SO ORDERED on January 26, 2007.

                                       S/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT
                                       FORT WAYNE DIVISION