**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DENNIS PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-016 TS |
| ) | |
| CHARLES LAMBERT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On January 26, 2007, this case was screened pursuant to 28 U.S.C. § 1915A. The federal law claims were dismissed and the state law claims were remanded to state court. Dennis Peterson, a *pro se* prisoner, has now filed three post-judgment motions. In the first, he objects to the removal and seeks to have the case remanded to state court. In the second, he seeks to alter or amend the judgment and order of remand pursuant to FED. R. CIV. P. 59. In the third he seeks to proceed here because the state court closed the case.

With the remand, Mr. Peterson's objections to the removal were rendered moot. As to his motion to alter or amend, Mr. Peterson objects to the dismissal of his federal law claims. He argues that he was denied the opportunity to file a grievance and denied a post-deprivation hearing.

The constitution does not require a formal grievance process and it does not require that he receive the relief he seeks. It merely requires that he be permitted the opportunity to seek relief in accordance with due process. This he is doing. He filed his tort claim notice and he is now being afforded due process in state court. That is to say, the state court proceeding is his post-deprivation remedy. This satisfies the requirements of the constitution. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Further, the constitution does not require that he receive a hearing, it only requires that he

be afforded a post-deprivation remedy in accordance with the principles of due process. His state court lawsuit affords him this.

Finally he explains that the state court case was closed. Mr. Peterson may ask the state court to reopen the case or he may appeal its judgment, but a motion to reconsider remand is not an appropriate means to dispute a ruling in the state trial court. *See Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) ("The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions.")

Furthermore, this court lacks jurisdiction to rule on these motions because the case has been remanded to state court and only that court has jurisdiction over this case now. "An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise* . . .." 28 U.S.C. § 1447(d) (emphasis added). A motion pursuant to FED. R. CIV. P. 59, is an attempt to have this court review its prior order, but that is barred. "[T]he fact that the court may have made a mistake about its jurisdiction over the remaining claims does not defeat the bar found in § 1447(d)." *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) (*citing Gravitt*, 430 U.S. 723 (1977) and *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977).

> [T]he rule of nonreviewability found in § 1447(d) means that even remands based on an erroneous belief in the lack of federal subject matter jurisdiction cannot be reviewed.

*Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) *citing Thermtron v. Hermansdorfer*, 423 U.S. 336, 343 (1976).

For the foregoing reasons, the court:

(1) DENIES the motions [DE 8, 9 and 11] for lack of jurisdiction;

(2) DIRECTS the clerk to forward a copy of this order along with a copy of docket entries 8, 9, and 11 to the Miami Circuit Court as a supplemental record for Cause # 52C01-0608-CT-420; and

(3) CAUTIONS Dennis Peterson that his case is proceeding only in state court and that any further filings under this cause in this court may be stricken without further notice or review.

SO ORDERED on March 15, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION